STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
October 15, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARY L. OOTEN,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0515** (BOR Appeal No. 2047886)
                    (Claim No. 2011042238)

**HEALTH CARE FINDER, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mary L. Ooten, by John C. Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Health Care Finder, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 23, 2013, in which the Board affirmed an October 29, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 27, 2011, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Ooten, a registered nurse, alleges she injured her head, elbows, and ankle in the course of her employment on May 22, 2011, when she fell. An MRI of the brain taken two days before the fall showed findings consistent with a subacute ischemic episode. After her fall on May 22, 2011, Ms. Ooten was taken to Williamson Memorial Hospital where she reported that she had a headache and blurred vision shortly before she fell. She stated that she struck her head on a wheelchair and then the floor. She also broke her ankle in the fall. The hospital noted a history of cardiac arrhythmia, hyperglycemia, diabetes, and prior syncope episodes. Ms. Ooten was diagnosed with head contusion, syncope, transient ischemic attack, and a broken left ankle.

1

An incident report filled out by Alan Barrett, a co-worker who witnessed the fall, states that there were no obstructions or water on the floor where Ms. Ooten fell. She reportedly stumbled to the nurse's station, Mr. Barrett asked her if she was all right, and then she collapsed onto the floor. Health Care Finder, Inc., questioned the injury because it was the result of illness not injury.

Ms. Ooten and Mr. Barrett testified in a hearing before the Office of Judges on June 5, 2012. Ms. Ooten stated that on the day of the fall she was walking past a wheelchair and felt lightheaded. She reached out to touch the wall and then had a sensation of falling. She said that she remembered hitting her head on the floor. She stated that she is diabetic and that she took her medication that day. She admitted to suffering a stroke two days before the fall but asserted that she felt different on the day of the alleged accident than she did when she had a stroke. Since the accident, she has developed shaking in her hands and seizures. She was never informed by a physician why she fell. She attributes the seizures to her fall but a physician has not related the two. Mr. Barrett testified that he witnessed Ms. Ooten's fall. He watched her walk up to the nurse's station and noticed that she seemed to be off balance. He turned to ask if she was all right and saw her fall to her knees and then backwards. He did not see any wheelchairs that she could have tripped on, and he did not see her slip and fall on water or anything of the sort. He stated that he and Ms. Ooten have worked together for five years and get along well.

The claims administrator rejected the claim on July 27, 2011. The Office of Judges affirmed the decision in its October 29, 2012, Order. It found that Ms. Ooten had a stroke two days prior to the allegedly work-related injury. It also found that some medical reports of record indicate that she had syncopal episodes and that on the date of the injury, the hospital found that she was at risk of falls due to a history of falls and medications that included narcotics, psychotropics, and anti-hypertensives. It was also noted that Ms. Ooten had slurred speech. The Office of Judges found that when she was taken to the emergency room, she did not mention that she tripped or fell over a wheelchair or anything else. When she testified before the Office of Judges, she stated that she passed a wheelchair and then had a sensation of falling. She did not testify that she tripped or fell over the wheelchair nor did she testify that she struck the wheelchair. Mr. Barrett saw the incident and testified that there were no wheelchairs in the vicinity and that she did not trip or fall over anything. Ms. Ooten stated that she was nauseated and lightheaded immediately prior to her fall. The Office of Judges found that she fractured her left ankle in the fall and underwent surgery. In the discharge summary, it was noted that she had a history of tachycardia and diabetes. The Office of Judges held that Ms. Ooten's fall was likely the result of a medical condition that was unrelated to her employment.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its April 23, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Ms. Ooten has failed to demonstrate that she suffered an injury in the course of and resulting from her employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 15, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3